MANUEL CRUZ, Plaintiff and Appellant, v. WORKMEN's RELIEF COMMISSION, Defendant and Appellee.

No. 3895. Argued June 10, 1926.—Decided July 31, 1926.

*Leopoldo Tormes* for the appellant. *The Attorney General* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

José Cruz died on November 22, 1923, as a result of an accident which befell him while he was working as a carpenter in the construction of the town-hall of the municipality of Vega Baja. His father, Manuel Cruz, filed a petition with the Workmen's Relief Commission, alleging that he reasonably depended for his maintenance on what his son earned; that at the time of the accident his son was 24 years of age, was earning $2.40 per day, was single, healthy and a hard worker.

The commission, after investigating the case, denied the petition on the ground that Manuel Cruz did not in any manner depend on what his deceased son had earned. The petitioner was not satisfied with this decision and appealed to the district court, which in due course rendered judgment affirming the decision of the commission and denying the claim.

The basis of this appeal is solely the reasonable dependency of the appellant upon what José Cruz earned.

For the purpose of proving that point several witnesses were examined, including the plaintiff. The lower court gave no credit to their testimony. Although Act No. 10 of 1918 was amended by Act No. 61 of 1921, giving a broader and more liberal construction to the dependency relation,

making it "reasonably dependent" upon the deceased workman instead of "exclusively dependent" as the former law read, to entitle any one to the benefit of dependency, there is nothing in the evidence that would indicate satisfactorily that Manuel Cruz relied in any way on his son for his support and maintenance.

Although the various witnesses spoke of the money that José Cruz sent to his father, they referred to casual remittances, without determining the dates or times when they were received by the father. While some of them said that he received $5 or $10 every two or three months, the plaintiff himself testified that he received from $35 to $40.

It seems probable that during the time José Cruz worked in Ponce and lived with his father the latter received the benefit of living with the help provided by the son for his own maintenance. After that José Cruz left Ponce and remained away four years, being at Vega Baja when the accident that caused his death befell him.

José Cruz was then living with Juan Cruz, who was not a relative. He was not paying anything for his board and was getting ready to marry a daughter of Juan Cruz. While working in the construction of the town-hall of Vega Baja he earned $2.40 per day. Juan Cruz did not know what José Cruz did with his money, but he did not see him making any remittance to his father while he lived in his house. There is nothing in the evidence to show that during his four years absence José Cruz ever used the mail to send money to his father. At all events, even if it be admitted that José Cruz on a certain occasion gave his father some money, that does not establish the reasonable dependency to which the law refers, inasmuch as it is not enough that Manuel Cruz merely derived some benefit from his son's salary to reach that conclusion.

The amendment of the law to which we have referred is in keeping with the doctrine laid down by a majority of the authorities, which is summed up as follows:

"In a majority of jurisdictions, however, the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of supporting and maintaining himself or herself in accordance with the applicant's social position and accustomed mode of life." 28 R.C.L. 771.

In the light of this doctrine, which is in harmony with the rule that dependency, whether total or partial, is mainly a question of fact to be determined by all the circumstances of each particular case, we may conclude that the lower court committed no error on weighing all the circumstances in this case and taking them as pointing to the fact that the plaintiff depended in no manner whatever for his maintenance upon the deceased workman.

For the reasons stated the judgment appealed from should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.